Mary CHENG, Plaintiff—Appellant,

v.

SECRETARY, DEPARTMENT OF AGRICULTURE, Defendant—Appellee.

No. 01–56561.

D.C. No. CV–99–12366–DDP.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 14, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM**

Mary Cheng appeals pro se the district court's summary judgment in favor of the Secretary of Agriculture in Cheng's action alleging retaliation and discrimination on the basis of sex, race and national origin in violation of Title VII of the Civil Rights Act of 1964. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994). We affirm.

The Secretary presented evidence that Cheng was fired because she made threatening remarks in the aftermath of a fatal workplace shooting. Because Cheng failed to raise a genuine issue of material fact as to whether the proffered reasons for her termination were pretextual, summary judgment on both her discrimination and retaliation claims is proper. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062–65 (9th Cir.2002).

Cheng's claim that the First Amendment protects the statements that were the basis for her termination fails because those statements did not involve matters of public concern. *See Weeks v. Bayer*, 246 F.3d 1231, 1234–35 (9th Cir.2001).

To the extent Cheng challenges the decision of the Merit Systems Protection Board ("MSPB") validating her termination, her claim fails because the MSPB did not abuse its discretion and its decision was based on substantial evidence. *See*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

*McClaskey v. U.S. Dep't. of Energy*, 720 F.2d 583, 586 (9th Cir.1983).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.